UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEREK ROBINSON, | : | Case No. 1:17-CV-123 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CHUY'S OPCO, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE A
FIRST AMENDED COMPLAINT (Doc. 9) and
DENYING AS MOOT DEFENDANT'S
MOTION TO DISMISS (Doc. 4)**

### I.   INTRODUCTION

This civil action is before the Court on Plaintiff's motion for leave to file an amended complaint (Doc. 9) and Defendant's response in opposition (Doc. 11).

On January 13, 2017, Plaintiff commenced this action by filing the Complaint in the Hamilton County Court of Common Pleas. (Doc. 1-2). The Complaint alleged that Plaintiff, a manager at Defendant's Kenwood restaurant, observed other managers committing legal violations, including not paying wages to employees and fraudulently manipulating inventory and reports to increase their bonuses. (*Id*. at ¶¶ 8-11). Plaintiff alleged that he reported these activities to Defendant in June, 2016, and was fired in July, 2016. (*Id.* at ¶¶ 14-16). The Complaint alleged that Defendant terminated Plaintiff because of his age (he is a male over 40 years old), because of a disability (that resulted from an injury in April, 2016), and because he reported the aforementioned legal

violations. The Complaint asserted claims for violation of Ohio's Whistleblower Statute (Ohio Revised Code § 4113.52), age and disability discrimination under Ohio law, breach of contract, and punitive damages.

On February 27, 2017, Defendant filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Doc. 4). On April 10, 2017, Plaintiff filed a response. (Doc. 7).

On April 11, 2017, Plaintiff filed a motion for leave to file a first Amended Complaint. (Doc. 9). Plaintiff argued that her initial complaint, which was filed in state court, was prepared according to Ohio's pleading standards. In light of Defendant's removal to this Court, Plaintiff requested leave to file a proposed Amended Complaint (Doc. 9-1) which Plaintiff claims was prepared in accordance with the stricter federal pleadings standards. The proposed Amended Complaint includes four claims: (1) violation of Ohio's Whistleblower Statute, (2) age discrimination, (3) disability discrimination, and (4) breach of contract.

On May 1, 2017, Defendant filed a memorandum in opposition to Plaintiff's motion for leave. (Doc. 11). Defendant's memorandum in opposition argues that granting Plaintiff leave to amend would be futile because the proposed Amended Complaint (Doc. 9-1) fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of

permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Id.*

A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). For purposes of a motion to dismiss, the Court must view the complaint in the light most favorable to the non-moving party and take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

### III. ANALYSIS

Plaintiff argues that she drafted her initial complaint according to Ohio's pleading standards, and, in light of Defendant's removal to this Court, requests leave to amend the allegations to conform to federal pleading standards. (Doc. 9 at 2).

The Court agrees that justice requires granting leave for the purpose of allowing Plaintiff to attempt to correct the alleged pleading defects in the original Complaint. *See Martin v. Insight Communs. Co. LP*, No. 2:10-cv-537, 2011 U.S. Dist. LEXIS 32601, at * 26 (6th Cir. Mar. 28, 2011) ("The United States Court of Appeals for the Sixth Circuit has indicated generally that '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'").

Defendant's sole argument in opposition is that leave would be futile because the proposed Amended Complaint fails to state a claim upon which relief can be granted. (Doc. 11). Accordingly, the Court will consider whether each claim in the proposed Amended Complaint could withstand a motion to dismiss.

### A. Violation of Ohio's Whistleblower Statute

Defendant argues that Count One of the proposed Amended Complaint does not state a plausible claim for violation of Ohio's Whistleblower Statute. (Doc. 11 at 4-5). The Court does not agree.

Ohio's Whistleblower Statute states, in relevant part:

> If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety, a felony, or an improper solicitation for a contribution, the employee orally shall notify the employee's supervisor or other reasonable officer a written report that provides sufficient detail to identify and describe the violation.

Ohio Rev. Code § 4113.52(A)(1).

4

The statute further makes it unlawful for employers to "take any disciplinary or retaliatory action against an employee" for making <u>any</u> report under § 4113.52(A)(1). Ohio Rev. Code § 4113.52(B).

Here, the proposed Amended Complaint asserts that Plaintiff became aware of managers at Defendant's Kenwood location manipulating inventory and reports to conceal theft, inflating the store rating to increase bonuses, and violating labor laws by failing to pay wages during training, and that Plaintiff believed these violations to be felonies. (Doc. 9-1 at ¶¶ 9-14). The proposed Amended Complaint asserts that Plaintiff reported these violations to Defendant verbally and in writing, and Defendant discriminated against Plaintiff by firing him in retaliation for the reports, whereas comparative employees who did not report violations were treated better and not fired. (*Id.* at ¶¶ 27, 32-42). Viewed in the light most favorable to the Plaintiff, these allegations are sufficient to state a claim for violation of Ohio's Whistleblower Statute.

Defendant's arguments to the contrary lack merit. Defendant argues that the proposed Amended Complaint fails to identify any violations that constitute felonies under Ohio's theft statute (Doc. 11 at 4), but the proposed Amended Complaint alleges that Plaintiff <u>believed</u> the violations he reported were felonies, which is all that is required. *See* Ohio Rev. Code § 4113.52(A)(1). Defendant alleges the Complaint does not adequately describe the contents of Plaintiff's reports, but the Complaint adequately describes the proposed violations (manipulation of inventory and reports to conceal theft, inflating store rating to increase bonuses, failure to compensate employees during

5

training), and Defendant has not provided any authority that more specific detail is required at this stage. Accordingly, Defendant's argument that Count One of the proposed Amended Complaint fails to state a claim and is therefore futile is not well-taken.

### B. Age and Disability Discrimination

Defendant argues that Counts Two and Three of the proposed Amended Complaint do not plead plausible claims for age and disability discrimination. (Doc. 11 at 3). The Court does not agree.

The Ohio Revised Code states it is an unlawful discriminatory practice:

> For any employer, because of the race, color, religion, sex, military status, national origin, <u>disability</u>, <u>age</u>, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Ohio Rev. Code § 4112.02(A) (emphasis added).

Here, the Complaint alleges that Plaintiff, an individual over forty, was fired when he made complaints regarding labor laws, fraud, and theft, whereas individuals significantly younger than Plaintiff who made similar complaints had their issues addressed and were not fired. (Doc. 9-1 at ¶¶ 17-19). Plaintiff further alleges he was replaced by an individual significantly younger than him. (*Id.* at ¶ 18). Plaintiff alleges he was fired just a few months after notifying Defendant of his disability, whereas comparative employees who were not disabled were treated more favorably and not fired. (*Id.* at ¶¶ 23-25). Viewing these allegations in a light most favorable to the Plaintiff, they

6

are sufficient to state a plausible claim for age and disability discrimination under Ohio law.

Defendant's argument to the contrary lacks merit. Defendant suggests that the allegations of the proposed Amended Complaint are insufficient because they do not specifically identify any employee who was treated more favorably than the Plaintiff. (Doc. 11 at 3). However, at this stage of the proceedings, the Court need only consider whether the proposed Amended Complaint provides sufficient factual content to present plausible claims under the relevant statute, not whether Plaintiff has presented a *prima facie* case based on indirect evidence. *See Esparza v. Pierre Foods*, 923 F. Supp. 2d 1099, 1105-06 (S.D. Ohio 2013) (Weber, J). Defendant's argument that Counts Two and Three of the proposed Amended Complaint are futile is not well-taken.

**C. Breach of Contract**

Defendant argues Court Four of the proposed Amended Complaint fails to state a plausible claim for breach of contract. (Doc. 11 at 2). The Court agrees.

Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012).

It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached. *Harris v. Am. Postal Workers Union*, No. 98-1734, 1999 U.S. App. LEXIS 26601, at * 14 (6th Cir. Oct. 19, 1999). Where a plaintiff does not attach the alleged

contract to his complaint, nor set forth the language of the contractual provision allegedly breached, he fails to state a claim for breach of contract. *Stevens v. Allstate Corp.*, No. 12-60-DLB, 2013 U.S. Dist. LEXIS 8209, at * 7 (6th Cir. Jan. 21, 2013); *see also Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, No. 10-4056, 492 Fed. Appx. 518, 521-22 (6th Cir. 2012) (affirming dismissal of breach of contract claim on 12(b)(6) grounds where plaintiff failed to attach the contract or describe the contract's provisions); *Shane v. Bunzl Distrib. USA, Inc.*, 200 F. Appx. 397, 401-02 (6th Cir. 2006) (affirming dismissal of breach of contract claim because plaintiff failed to allege the existence of any contractual term defendant allegedly breached).

Here, the proposed Amended Complaint merely alleges that Defendant "entered into an express and implied contract with Plaintiff agreeing to pay him am [sic] hourly wage for services and agreeing to place him as General Manager of the West Chester store once it was ready for opening" and further, that Defendant "breached the express and implied contract." (Doc. 1 at ¶¶ 49, 51). The proposed Amended Complaint does not attach any supposed contract, nor does it set forth the language of the contractual provision allegedly breached or explain which of Defendant's actions constituted a breach of that provision. The Court is not required to accept Plaintiff's conclusory allegation that Defendant breached an unspecified term in an unidentified contract. *See Stevens*, 2013 U.S. Dist. LEXIS 8209 at * 7; *Northampton Restaurant Group*, 492 Fed. Appx. at 521-22; *Shane*, 200 F. Appx. at 401-02. Accordingly, Count Four of the proposed Amended Complaint fails to state a claim upon which relief can be granted and it would be futile to grant leave to allow it.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an Amended Complaint (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** in regards to Plaintiff's claims for violation of Ohio's Whistleblower Statute, age discrimination, and disability discrimination. The motion is **DENIED** in regards to Plaintiff's claim for breach of contract. Plaintiff shall file an Amended Complaint in compliance with this Order within 14 days of its entry.

Additionally, the Court finds that because the Amended Complaint supersedes the original Complaint, Defendant's pending motion to dismiss (Doc. 4) is now moot. *See Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot."). Therefore, Defendant's motion to dismiss (Doc. 4) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date:    9/22/17

*Timothy S. Black*
Timothy S. Black
United States District Judge